NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30104 |
| Plaintiff-Appellee, | D.C. No. 6:17-cr-00004-CCL-1 |
| v. | |
| WILLIAM PAUL COX, JR., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted March 4, 2019[**]
Portland, Oregon

Before: GRABER and BERZON, Circuit Judges, and TUNHEIM,[***] Chief District Judge.

William Cox, Jr. contends that the district court should have suppressed the recording of a phone call he placed from jail, information from which was used to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

secure a search warrant for his car. He argues the conversation was "a protected communication under the [Secured Communications Act (SCA)] or the Fourth Amendment," so "a warrant was required for law enforcement to lawfully access those recorded calls." We disagree and affirm.

**1.** Although the SCA prohibits "intentionally access[ing] without authorization a facility through which an electronic communication service is provided," or exceeding authorized access to that facility, to obtain access to electronic communication stored therein, 18 U.S.C. § 2701(a), suppression is not a remedy available for violations of those provisions. The statute provides that "[t]he remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter." *Id.* § 2708. Suppression is not among the remedies and sanctions described. *Id.* § 2701. For that reason, this circuit has long recognized that "the [SCA] does *not* provide an exclusion remedy. It allows for civil damages and criminal punishment but nothing more." *United States v. Smith*, 155 F.3d 1051, 1056 (9th Cir. 1998) (citations omitted).

**2.** The Fourth Amendment is no more help than the SCA to Cox. *United States v. Van Poyck* is clear that "any expectation of privacy in outbound calls from prison is not objectively reasonable and that the Fourth Amendment is therefore not triggered by the routine taping of such calls." 77 F.3d 285, 291 (9th Cir. 1996).

**AFFIRMED.**